IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MIN KI BAEK
c/o 519 H Street NW
Washington, DC 20001

    Plaintiff,

v.

EKYY, LLC
d/b/a ZANNCHI
1529 Wisconsin Ave NW
Washington, DC 20007

EUNJUNG KIM
a/k/a EUN KIM
1601 18th Street, Apt. 316
Washington, DC 20009

    Defendants.

Civil Action No. _____

## COMPLAINT

1. Defendants employed Plaintiff at their restaurant for seven months. However, Defendants *never paid her*.

2. Plaintiff brings this action to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

### Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**Parties**

5. Plaintiff Min Ki Baek is an adult resident of the District of Columbia.

6. Defendant EKYY, LLC is a District of Columbia corporate entity. EKYY, LLC does business as "Zannchi." EKYY, LLC's principal place of business is located at 1529 Wisconsin Ave NW, Washington, DC 20007. EKYY, LLC's resident agent for service of process is Defendant Eunjung Kim, 1601 18th Street, Apt. 316, Washington, DC 20009.

7. Defendant Eunjung Kim is an adult resident of the District of Columbia. Defendant Kim is also known as Eun Kim. Defendant Kim resides at: 1601 18th Street, Apt. 316, Washington, DC 20009. Defendant Kim is an owner, operator, and officer of EKYY, LLC. Defendant Kim exercises control over the EKYY, LLC's operations — including its pay practices.

8. Defendant Kim personally supervised Plaintiff.

9. Defendant Kim personally tendered paychecks to Plaintiff's coworkers.

**Factual Allegations Specific to Plaintiff Baek**

10. Plaintiff Baek worked for at Defendant's restaurant, Zannchi, from approximately March 21, 2016 through approximately October 21, 2016.

11. Plaintiff Baek worked as a sous chef.

12. Plaintiff Baek's job duties primarily consisted of cooking, washing dishes, training coworkers, checking inventory, placing orders, and cleaning the kitchen.

13. Plaintiff Baek worked more than 40 hours per workweek.

14. From approximately March 21, 2016 through approximately August 28, 2016, Plaintiff Baek typically worked seven days a week.

15. From approximately March 21, 2016 through approximately August 28, 2016, Plaintiff Baek typically worked the following schedule:

|  | **Entry and Exit Time** | **Break Time** | **Hours Worked** |
|---|---|---|---|
| Monday | 9:30 a.m. - 12:00 a.m. | .5 hour | 14.0 |
| Tuesday | 9:30 a.m. - 12:00 a.m. | .5 hour | 13.5 |
| Wednesday | 9:30 a.m. - 12:00 a.m. | 1 hour | 13.5 |
| Thursday | 9:30 a.m. - 12:00 a.m. | 1 hour | 13.5 |
| Friday | 9:30 a.m. - 12:00 a.m. | 1 hour | 14.0 |
| Saturday | 9:30 a.m. - 12:00 a.m. | .5 hour | 14.0 |
| Sunday | 9:30 a.m. - 12:00 a.m. | .5 hour | 14.0 |
|  |  | **TOTAL** | **96.5 HOURS** |

16. From approximately August 29, 2016 through approximately October 21, 2016, Plaintiff Baek typically worked six days a week.

17. From approximately August 29, 2016 through approximately October 21, 2016, Plaintiff Baek typically worked the following schedule:

|  | **Entry and Exit Time** | **Break Time** | **Hours Worked** |
|---|---|---|---|
| Monday | Off | | |
| Tuesday | 9:30 a.m. - 12:00 a.m. | .5 hour | 14.0 |
| Wednesday | 9:30 a.m. - 12:00 a.m. | 1 hour | 14.0 |
| Thursday | 9:30 a.m. - 12:00 a.m. | 1 hour | 13.5 |
| Friday | 9:30 a.m. - 12:00 a.m. | 1 hour | 13.5 |
| Saturday | 9:30 a.m. - 12:00 a.m. | .5 hour | 14.0 |
| Sunday | 9:30 a.m. - 12:00 a.m. | .5 hour | 13.5 |
|  |  | **TOTAL** | **82.5 HOURS** |

18. Defendant typically and customarily took a lunch break that typically lasted between 30 to 60 minutes, depending on how busy the restaurant was.

19. *Defendants never paid Plaintiff Baek.*

20. The DCMWA required that employers pay non-exempt employees at least $10.50 per hour from July 1, 2015 through June 30, 2016, and $11.50 per hour from July 1, 2016 through the present. D.C. Code § 32-1003(a).

21. Defendants owe Plaintiff Baek approximately $40,794.88 in minimum and overtime wages.

22. At all relevant times, Defendants had the power to hire and fire Plaintiff.

23. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

24. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

25. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

26. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times Plaintiff's regular rate for all hours worked in excess of 40 hours in any one workweek.

27. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the applicable minimum wage.

28. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to Plaintiff.

29. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had travelled in or been produced for interstate commerce.

30. For example, Defendants' employees handled and used food products such as rice, fish and meats that originated from outside of the District of Columbia.

31. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

## COUNT I
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

32. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

33. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

34. The FLSA requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

35. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

36. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

37. Defendants violated the FLSA by knowingly failing to pay Plaintiff the required minimum wage.

38. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular hourly rate for hours worked in excess of 40 hours in any one workweek.

39. Defendants' violations of the FLSA were willful.

40. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY WAGES UNDER THE DCWPCL

41. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

42. Each defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1).

43. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

44. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

45. For purposes of the DCWPCL, "wages" include, among other things, regular, minimum, and overtime wages. D.C Code § 32-1301(3).

46. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including minimum and overtime wages.

47. Defendants' violations of the DCWPCL were willful.

48. For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$169,768.90**, and grant the following relief:

    a. Award Plaintiff $163,179.50, consisting of the following overlapping elements:

      i.      unpaid federal minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

      ii.      unpaid District of Columbia minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

      iii.      unpaid regular, minimum, and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.      Award Plaintiff pre-judgment and post-judgment interest as permitted by law.

c.      Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in Salazar v. District of Columbia, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $6,189.40);

d.      Award Plaintiff court costs (currently, $400.00); and

e.      Award any additional relief the Court deems just.

Date: March 10, 2017                    Respectfully submitted,

<u>/s/ Justin Zelikovitz, Esq.</u>
Justin Zelikovitz, #986001
LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury as to all issues so triable.

/s/ Justin Zelikovitz, Esq.